UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ERICK JOEL HEAD, | ) | 1:13-cv-00674 LJO GSA HC |
| Petitioner, | )<br>)<br>) | FINDINGS AND RECOMMENDATION REGARDING RESPONDENT'S MOTION TO DISMISS THE PETITION |
| v. | )<br>) | [ECF No. 15] |
| H. LACKNER, Warden, | ) | |
| Respondent. | ) | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

**BACKGROUND**

Petitioner is currently in the custody of the California Department of Corrections pursuant to a judgment of the Superior Court of California, County of Tulare, following his conviction by jury trial on October 28, 2011, of three counts of second degree murder and one count of evading a peace officer causing injury. On December 8, 2011, Petitioner was sentenced to serve an indeterminate term of 90 years to life plus five years in state prison.

On July 22, 2013, Petitioner filed the instant petition. He does not challenge the 2011 conviction; rather, he challenges his 2004-2007 convictions from Tulare County Superior Court for burglary, unlawful taking of a vehicle, and possession of controlled substance. As to these convictions, Petitioner was sentenced to a term of seven years on November 6, 2007. According to the

1

abstract of judgment, he was awarded a total of 2,199 days or approximately six years of presentence custody credit. (LD[1] 1.) Petitioner did not appeal the 2004-2007 convictions.

On July 22, 2013, Respondent moved to dismiss the petition for lack of jurisdiction alleging Petitioner is not in custody for purposes of the 2004-2007 convictions, and for violation of the statute of limitations. On September 16, 2013, Petitioner filed an opposition.

## DISCUSSION

A.  Procedural Grounds for Motion to Dismiss

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases.

The Ninth Circuit has allowed respondents to file a motion to dismiss in lieu of an answer if the motion attacks the pleadings for failing to exhaust state remedies or being in violation of the state's procedural rules. See, e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990) (using Rule 4 to evaluate motion to dismiss petition for failure to exhaust state remedies); White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989) (using Rule 4 as procedural grounds to review motion to dismiss for state procedural default); Harrison v. Galaza, 1999 WL 58594 (N.D. Cal.1999) (using Rule 4 to review motion to dismiss for statute of limitations violation). Thus, a respondent can file a motion to dismiss after the Court orders a response, and the Court should use Rule 4 standards to review the motion. See Hillery, 533 F. Supp. at 1194 & n. 12.

In this case, Respondent's motion to dismiss is based on a lack of jurisdiction and a violation of 28 U.S.C. 2244(d)(1)'s one-year limitations period. Because Respondent has not yet filed a formal answer, the Court will review Respondent's motion to dismiss pursuant to its authority under Rule 4.

B.  Custody

Pursuant to 28 U.S.C. § 2254(a), the Court "shall entertain an application for a writ of habeas corpus in behalf of *a person in custody pursuant to the judgment of a State court* only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."

---

[1] "LD" refers to the documents lodged by Respondent with his motion to dismiss.

(Emphasis added.)  Therefore, in order to obtain relief under § 2254(a), Petitioner must demonstrate that he is "in custody," or the Court is without jurisdiction to entertain the petition.  Maleng v. Cook, 490 U.S. 488, 490 (1989) (per curiam); Williamson v. Gregoire, 151 F.3d 1180, 1182 (9th Cir.1998).  However, the scope of the writ of habeas corpus has been extended beyond that which the most literal reading of the statute might require to include individuals who, while not subject to immediate physical imprisonment, suffer substantial restraints not shared by the public generally.  Lehman v. Lycoming County Children's Services Agency, 458 U.S. 502, 510 (1982).  In order the satisfy the custody requirement, Petitioner must show he was in custody at the time the petition was filed in federal court.  Spencer v. Kemna, 523 U.S. 1, 7 (1998).

Furthermore, the Supreme Court has stated:

> It is well-established that "once the sentence imposed for a conviction has completely expired, the collateral consequences of the conviction are *not themselves sufficient to render an individual 'in custody' for the purposes of a habeas attack upon it*."

Resendiz v. Kovensky, 416 F.3d 952, 956 (9th Cir.2005) (citing Maleng v. Cook, 490 U.S. at 492) (emphasis added).

In this case, Respondent contends that Petitioner was not in custody at the time he filed the instant federal petition pursuant to the 2004-2007 convictions and therefore the Court lacks jurisdiction to consider Petitioner's claims.  Respondent notes that Petitioner was sentenced on November 6, 2007, to a seven year term but was granted over six years of presentence custody credits.  (LD 1.)  Therefore, if Petitioner served the remaining balance of his term, the latest he would have been released from prison is October 27, 2008.[2]  Assuming Petitioner received the longest parole term possible of three years, see Cal. Penal Code § 3000(b)(2)(A), he would have been released from parole on October 27, 2011.  Petitioner's current detention, and his detention on July 22, 2013 when he filed the instant federal petition, was pursuant to his conviction on October 28, 2011.  According to the abstract of judgment, Petitioner was sentenced on December 8, 2011, to consecutive sentences and given actual presentence custody credits of 249 days.  (LD 2.)  Therefore, he would necessarily have

---

[2] The actual dates of release are unknown.  Respondent advised the Court that the appropriate documentation would be forthcoming; however, to this date those documents have not been received.  Accordingly, the Court will use what information has been submitted by the parties to render its findings.

been released on his previous sentence prior to commencing his detention under the current sentence, to wit, April 3, 2011. Accordingly, Respondent is correct that Petitioner was not in custody on his 2004-2007 convictions at the time he filed the instant petition on July 22, 2013.

Moreover, Petitioner concedes in his opposition that he was not in custody on his prior convictions when he filed the instant federal petition. (See Opposition at 9 ("Petitioner is not contesting that his present custody is due solely to a conviction on December 8, 2011 . . . .").) However, he contends that he is in custody for purposes of § 2254(a) because the 2004-2007 convictions were used as strikes to enhance his current sentence. The Supreme Court has held that the "potential use of a conviction" for which the sentence "has fully expired" "to enhance a sentence for subsequent offenses [does] not suffice to render a person 'in custody.'" Garlotte v. Fordice, 515 U.S. 39, 45 (1995). Therefore, Petitioner is not "in custody" for purposes of § 2254(a), and the Court lacks jurisdiction to consider his petition.

C.  Limitation Period for Filing a Petition for Writ of Habeas Corpus

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (hereinafter "AEDPA"). The AEDPA imposes various requirements on all petitions for writ of habeas corpus filed after the date of its enactment. Lindh v. Murphy, 521 U.S. 320 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997).

In this case, the petition was filed on July 22, 2013, and therefore, it is subject to the provisions of the AEDPA. The AEDPA imposes a one-year period of limitation on petitioners seeking to file a federal petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(1). As amended, § 2244, subdivision (d) reads:

> (1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the

>
> Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

In most cases, the limitations period begins running on the date that the petitioner's direct review became final. In this case, judgment was rendered on November 6, 2007, and Petitioner did not file an appeal. Pursuant to Rule 8.308(a) of the California Rules of Court, Petitioner had sixty (60) days in which to file a notice of appeal. Because Petitioner did not file a notice of appeal, his direct review concluded on January 5, 2008, when the sixty-day period for filing a notice of appeal expired. Thus, Petitioner had one year until January 5, 2009, in which to file his federal petition for writ of habeas corpus. See Patterson v. Stewart, 251 F.3d 1243, 1245 (9th Cir.2001). However, Petitioner delayed filing the instant petition until July 22, 2013, which was over four years beyond the due date. Absent any applicable tolling, the instant petition is barred by the statute of limitations.

1. Tolling of the Limitation Period Pursuant to 28 U.S.C. § 2244(d)(2)

Title 28 U.S.C. § 2244(d)(2) states that the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the one year limitation period. 28 U.S.C. § 2244(d)(2). In Carey v. Saffold, the Supreme Court held the statute of limitations is tolled where a petitioner is properly pursuing post-conviction relief, and the period is tolled during the intervals between one state court's disposition of a habeas petition and the filing of a habeas petition at the next level of the state court system. 536 U.S. 214, 215 (2002); see also Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999), *cert. denied*, 120 S.Ct. 1846 (2000).

As stated above, the statute of limitations ran from January 6, 2008, to January 5, 2009. Petitioner did not file any state habeas petitions within the limitations period. Accordingly, Petitioner is not entitled to statutory tolling and the federal petition remains untimely. 28 U.S.C. § 2244(d).

2. Equitable Tolling

The limitations period is subject to equitable tolling if the petitioner demonstrates: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005); see also Irwin v. Department of Veteran Affairs, 498 U.S. 89, 96 (1990); Calderon v. U.S. Dist. Ct. (Kelly), 163 F.3d 530, 541 (9th Cir. 1998) (citing Alvarez-Machain v. United States, 107 F.3d 696, 701 (9th Cir. 1996), *cert. denied*, 522 U.S. 814 (1997)).  Petitioner bears the burden of alleging facts that would give rise to tolling. Pace, 544 U.S. at 418; Smith v. Duncan, 297 F.3d 809 (9th Cir.2002); Hinton v. Pac. Enters., 5 F.3d 391, 395 (9th Cir.1993).

In his opposition, Petitioner appears to lay blame on his attorney for failing to file a notice of appeal with respect to the 2004-2007 convictions. In Spitsyn v. Moore, 345 F.3d 796 (9th Cir.2003), the Ninth Circuit held that although "ordinary attorney negligence will not justify equitable tolling, we have acknowledged that where an attorney's misconduct is sufficiently egregious, it may constitute an 'extraordinary circumstance' warranting equitable tolling of AEDPA's statute of limitations." Id. at 800 (citing Ford v. Hubbard, 330 F.3d 1086, 1106 (9th Cir.2003) ("there are instances in which an attorney's failure to take necessary steps to protect his client's interests is so egregious and atypical that the court may deem equitable tolling appropriate")).  Nevertheless, even if attorney negligence is sufficiently egregious as to amount to an extraordinary circumstance, Petitioner must still demonstrate that he exercised reasonable diligence in pursuing his remedies.  Spitsyn, 345 F.3d at 802.

Here, Petitioner claims counsel failed to assist him in perfecting an appeal of his 2004-2007 convictions.  Even assuming this alleged failure amounted to an extraordinary circumstance, Petitioner fails to demonstrate reasonable diligence.  An appeal was due on January 5, 2008, yet Petitioner sat on his rights until 2012 when he commenced filing habeas petitions in the state courts.  (See Opposition, Ex. 4.)  This cannot be considered reasonable diligence.  Therefore, the Court finds no reason to award equitable tolling, and the petition remains untimely.

///

///

///

**RECOMMENDATION**

Accordingly, the Court HEREBY RECOMMENDS that Respondent's motion to dismiss the petition be GRANTED and the petition for writ of habeas corpus be DISMISSED with prejudice for lack of jurisdiction and for violating the statute of limitations.

This Findings and Recommendation is submitted to the Honorable Lawrence J. O'Neill, United States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California.

Within thirty (30) days after being served with a copy, Petitioner may file written objections with the Court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: **October 8, 2013**      /s/ Gary S. Austin
UNITED STATES MAGISTRATE JUDGE